UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CESAR RODAS                                    CASE NO.

VERSUS

HENRY POWER ELECTRIC, LLC and
HENRY CASTILLO

---

## COMPLAINT

---

NOW INTO COURT, through undersigned counsel, comes plaintiff Cesar Rodas, who respectfully submits this Complaint and alleges as follows:

### *Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

### *Venue*

2.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the plaintiff was employed by Defendants in this district and all (or nearly all) of the overtime hours worked by the plaintiff occurred within this district.

### *The Defendants*

3.

Made Defendants herein and liable unto Plaintiff are the following:

a.      Henry Power Electric, LLC, a Texas limited liability company; and

b.      Henry Castillo, who upon information and belief is the chief executive officer of Henry Power Electric, LLC, and who is domiciled in Texas.

### Statement of Facts

4.

Defendant Henry Power Electric is a Texas limited liability company that provides laborers to perform work on the projects of various electrical contractors.

5.

The FLSA applies to defendants' employment of plaintiff Rodas.

6.

Defendant Henry Power Electric is the "employer" of plaintiff as that term is defined by the FLSA.

7.

Defendant Henry Castillo is the chief executive of Henry Power Electric. Defendant Castillo has operational control over the payroll activities of Henry Power Electric. He is responsible for the violations of the FLSA complained of herein. Mr. Castillo is therefore an "employer" of Cesar Rodas under the FLSA and is personally liable to Cesar Rodas for Henry Power Electric's failure to pay him overtime compensation.

8.

Henry Power Electric hired plaintiff, directed his work, supervised him, and paid him an hourly wage. At all times Henry Power Electric had the power to hire and fire plaintiff.

9.

Defendant Henry Power Electric is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Defendant has annual revenues that exceed $500,000.00.

10.

Henry Power Electric employed Cesar Rodas from approximately March 2019 through the present. During that time, Cesar Rodas consistently worked an average of 50 hours per week at the rate of $13 per hour.  As an electrical construction worker, plaintiff was personally involved in interstate commerce, commonly handling goods, tools, and equipment manufactured in interstate commerce as part of his duties.

11.

Section 207(a)(2)(C) of the FLSA mandates that non-exempt employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

12.

Despite the fact that the Plaintiff was a non-exempt employee under the Fair Labor Standards Act, he was never paid an overtime rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week.  He was paid his regular hourly rate regardless of the number of hours he worked each week.

13.

Under the Fair Labor Standards Act, plaintiff Rodas is entitled to payment of additional wages at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours per week throughout the duration of his employment.

14.

The defendants knowingly and willfully violated the FLSA. Plaintiff is therefore also entitled to recover from defendants an equal sum as liquidated damages, together with reasonable attorney's fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cesar Rodas prays for the following relief:

1. An award of damages as provided by the FLSA, including liquidated damages to be paid by Defendant;

2. Reasonable attorney's fees, costs, and expenses of this action as provided by FLSA; and

3. Any other relief that this Court deems just.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

/s/ Daniel B. Davis
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
850 North Boulevard
Baton Rouge, LA 70802
Telephone:  (225) 336-3394
Facsimile:  (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiffs*